UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER SOLIMINO, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 1:21-cv-11435-IT |
| TARGET CORPORATION, | * |
| Defendant. | * |

MEMORANDUM AND ORDER

October 15, 2021

TALWANI, D.J.

Plaintiff Jennifer Solimino brings negligence claims against Defendant Target Corporation ("Target"), alleging that she slipped and fell and was injured at a Target store in Woburn, Massachusetts. Complaint ("Compl.") ¶¶ 3-4 [#1-1]. Presently before the court is Plaintiff's Motion to Remand [#7] this action to Essex Superior Court; Defendant opposes the Motion [#7]. Opp'n [#9]. For the reasons that follow, the court finds that the amount in controversy exceeds $75,000 and rejects Plaintiff's arguments that the matter should be remanded because it involves state law and local interest. The Motion [#7] remains under advisement, however, as the court will allow discovery as necessary to determine Plaintiff's citizenship at the time the action was filed.

I. **Background**

Plaintiff filed her Complaint [#1-1] in Essex Superior Court on June 30, 2021, and served the summons and Complaint on Defendant's agent for service of process on August 4, 2021. Proof of Service [#9-3]. The Complaint alleges that Plaintiff is a resident of Haverhill,

Massachusetts, and Defendant is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Compl. ¶¶ 1-2 [#1-1]. On September 1, 2021, Defendant filed a Notice of Removal [#1], stating the action was removable pursuant to 28 U.S.C. § 1441(b) because Plaintiff is domiciled in Massachusetts, Defendant's principal place of business is Minnesota, and Plaintiff claims "substantial injuries and extensive treatment" and, if those damages are credited, her claims likely exceed $75,000. Notice of Removal ¶¶ 3-4 [#1].

On September 27, 2021, Plaintiff filed a Motion to Remand [#7] contending Defendant failed to establish the Parties were diverse and the amount in controversy exceeded $75,000, and even if Defendant satisfied its burden as to diversity and the amount in controversy, the case should be remanded. Mem. 2-6 [#8].

## II.   Legal Standard

"The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009). Federal district courts are granted original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "The removal statute, 28 U.S.C. § 1441, permits removal only where the district court could have exercised original jurisdiction over an action." Fayard v. Northeast Vehicle Servs. LLC, 533 F.3d 42, 45 (1st Cir. 2008).[1] Removal jurisdiction is strictly construed, and "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[1] Section 1441(b)(2) imposes an additional restriction where removal is based on diversity of citizenship that no defendant is a citizen of the state in which the action is brought.

### III. Discussion

    A. *Is There Diversity of Citizenship Between the Parties?*

"For purposes of diversity, a person is a citizen of the state in which he is domiciled." Padilla-Mangual v. Pavía Hosp., 516 F.3d 29, 31 (1st Cir. 2008). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1998) (citation and quotation omitted). A "[c]orporation is considered to be a citizen of its state of incorporation as well as the state where it has its principal place of business." Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1236 (1st Cir. 1991) (citing 28 U.S.C. § 1332(c)(1)).

Plaintiff does not dispute that Defendant's principal place of business is in Minnesota, Mem. 2 [#8], and Defendant states Target is also incorporated in the state of Minnesota, Opp'n 4 [#9]. Accordingly, Target is a citizen of Minnesota. Therefore, unless Plaintiff is a citizen of Minnesota or a foreign citizen, lawfully admitted for permanent residence in the United States and domiciled in Minnesota, there would be complete diversity. See 28 U.S.C. §§ 1332(a)(1)-(2).

Plaintiff argues her Complaint [#1-1] only establishes she is a resident of Haverhill, Massachusetts, and because residence is insufficient for establishing citizenship, Defendant has not carried its burden to establish complete diversity. Mem. 3 [#8]. Plaintiff is correct that Defendant has the burden to establish diversity and must establish Plaintiff's citizenship to do so, see Amoche, 556 F.3d at 48 ("The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case."). Plaintiff is also correct that her own allegations address her residency only and that residence is not equivalent to domicile. Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016) ("Proving

domicile requires two showings: (1) 'physical presence in a place,' and (2) 'the intent to make that place one's home.' Necessarily then, domicile and residence are not the same thing.") (quoting Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001)). However, Plaintiff is mistaken in assuming that Defendant's burden in establishing jurisdiction requires Defendant to do so without any fact-finding, or that the court must decide citizenship in the absence of a factual record. To the contrary, "[i]n a situation where the parties dispute the predicate facts allegedly giving rise to the court's jurisdiction, the district court will often need to engage in some preliminary fact-finding." Skwira v. United States, 344 F.3d 64, 71-72 (1st Cir. 2003). Accordingly, the court will allow further development of the factual record as to Plaintiff's citizenship before deciding this issue.

    B. *The Amount in Controversy is Satisfied*

The First Circuit has not stated "how heavy the burden the removing party must bear" in showing the amount in controversy exceeds $75,000. Milford-Bennington R. Co., Inc. v. Pan Am Railways, Inc., 695 F.3d 175, 178-79 (1st Cir. 2012). The Court has held a party removing a Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, case "must show a 'reasonable probability' that the jurisdictional threshold is satisfied." Id. at 179 (quoting Amoche, 556 F.3d at 48-49). Because "[t]here is no obvious reason why the burden of showing that the jurisdictional amount has been met should be different for removal under diversity of citizenship than under CAFA," the court will apply Amoche's "reasonable probability" standard here. Huston v. FLS Language Centres, 18 F. Supp. 3d 17, 21 (D. Mass. 2014) (citing Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230, 236 (D. Mass. 2010); Providence Piers, LLC v. SMM New England, Inc., No. CA 12-532-S, 2013 WL 178183, at *3 (D.R.I. Jan 16, 2013)).

Plaintiff contends that where the civil cover sheet attached to her Complaint [#1-1] includes documented damages of $53,842.49, her Complaint [#1-1] does not include a specific damages request, jury awards for negligence claims vary widely, and no statutory damages claims are implicated, Defendant has not met its burden of establishing an amount in controversy that exceeds $75,000. Mem. 4-5 [#8].

Defendant responds that given the nature of Plaintiff's alleged injuries, Plaintiff's alleged pain and suffering, and Plaintiff's pre-suit demand letter seeking $175,000, it established a reasonable probability the amount in controversy exceeds $75,000. Opp'n 5-6 [#9].

To determine whether Defendant has shown a reasonable probability the amount in controversy exceeds $75,000, courts consider the following:

> "if the jurisdictional amount is not facially apparent from the complaint, then a court need look to the notice of removal and any other materials submitted by the removing defendant. However, whether a defendant has shown a reasonable probability that the amount in controversy exceeds the jurisdictional minimum may well require analysis of what both parties have shown. . . . [A]ny doubts in the evidence should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction. . . . [T]his preliminary determination concerning whether a defendant has met its burden should be done quickly, without an extensive fact-finding inquiry [and] . . . a plaintiff's likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover."

Huston, 18 F. Supp. 3d at 21 (quoting Reynolds v. World Courier Ground, Inc., 272 F.R.D. 284, 286 (D. Mass. 2011) (internal quotations and alterations omitted) (collecting First Circuit cases)).

Plaintiff's civil action cover sheet filed with her Complaint [#1-1] in Essex Superior Court includes medical expenses of $50,029.49 and lost wages and compensation of $3,795; the Complaint [#1-1], however, asserts that Plaintiff suffered "serious personal injuries, including pain and suffering" and seeks an unspecified judgment in an amount "to be determined by the court." Compl. ¶ 5 [#1-1]. Where Plaintiff has claimed medical expenses and lost wages and

5

compensation of $53,824.49 and Plaintiff seeks damages for pain and suffering and lost earning capacity, and may seek additional damages for medical treatment, the allegations in the Complaint [#1-1] support a reasonable probability that the amount in controversy will exceed $75,000, satisfying 28 U.S.C. § 1332(b).[2]

    C. *Whether Other Reasons Support Remand*

Plaintiff also argues that even if the court finds it has subject matter jurisdiction, it should remand the case because the action involves state law claims, Plaintiff was injured in Massachusetts, and no federal law or constitutional issues are implicated. Mem. 5-6 [#8]. Plaintiff has cited no law in support of this policy argument and the court finds it unpersuasive; if the court has subject matter jurisdiction and a case is properly removed, the removing party is entitled to proceed in federal court.

## IV. Conclusion

For the aforementioned reasons, Plaintiff's Motion [#8] remains under advisement as to the issue of Plaintiff's citizenship. Counsel shall confer and file a joint statement no later than October 22, 2021: (1) stating any agreed upon facts as to Plaintiff's citizenship; and/or (2) setting forth a proposal that will allow the court to determine Plaintiff's citizenship based on a factual

---

[2] Defendant also submitted Plaintiff's pre-suit demand letter in support of its Opposition [#9] in which Plaintiff claimed substantial pain, and detailed extensive treatment for an injury to her lower back for which she underwent a lumbar fusion surgery in June 2020, and in which she sought $175,000 from Defendant for her injury. Demand Letter [#9-2]. Assuming Plaintiff's demand was made in good faith, the $175,000 far exceeds the required amount in controversy under 28 U.S.C. § 1332(a). Cf. Carrozza v. CVS Pharmacy, Inc., 992 F.3d 44, 52 (1st Cir. 2021) (finding the $650,000 in a demand letter incorporated by plaintiff into the pleadings sufficient to satisfy the amount in controversy where the demand was made in good faith and where it was plaintiff (as opposed to defendant) who later questioned his own assertion of damages).

record, such as Defendant taking limited discovery or the court holding an evidentiary hearing.

IT IS SO ORDERED.

Date: October 15, 2021

/s/ Indira Talwani
United States District Judge